**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TIFFANY ROGERS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 23-507** |
| | : | |
| **SCHOOL DISTRICT OF PHILA.** | : | |

# MEMORANDUM

**MURPHY, J.** **October 18, 2023**

Tiffany Rogers sued the School District of Philadelphia (school district) for violating her rights under the Americans with Disabilities Act (ADA) and the Pennsylvania Human Relations Act (PHRA). Before asserting claims under the PHRA, individuals like Ms. Rogers must timely file a complaint with an appropriate administrative agency. The school district argues that Ms. Rogers's PHRA claims should be dismissed because she failed to do that.

We agree, in part, with the school district. First, we conclude that Ms. Rogers alleged that she filed a charge with the Philadelphia Commission on Human Relations (PhilaCHR) and that this can exhaust her administrative remedies under the PHRA. However, because Ms. Rogers's complaint alleges that this charge was filed more than 180 days after her termination, we agree with the school district that it was untimely. That said, in another filing in this case, Ms. Rogers states that the date she included in her complaint is incorrect and that she did, in fact, file a timely charge. We therefore grant Ms. Rogers leave to amend her complaint.

## I. **Factual Allegations**[1]

Ms. Rogers was hired by the school district around September 1, 1998 as an "Assistant Instructor." DI 2-1 at 2.[2] Her final job title was "[s]pecial [e]ducation one on one." *Id.* Around December 3, 2018, she was on approved leave because of her "association with an individual with a physical or mental impairment." *Id.* She returned from leave around December 18, 2018 and provided "proper medical documentation." *Id.* Then, she went on leave for a "long term illness in family" from approximately January 28, 2019 until September 6, 2019. *Id.*

On or about August 30, 2019, Ms. Rogers received a letter from the school district stating that her "resignation had been accepted." *Id.* However, she never told the school district that she intended to resign. *Id.* She attempted to further clarify the school district's letter on February 3, 2020, and the school district responded by continuing to allege she abandoned her job. *Id.* Ms. Rogers has since been "unable to return to work" and has "incurred a huge financial loss," including the loss of medical benefits for herself and her dependents. *Id.*

In her complaint, Ms. Rogers writes that she filed a charge with the Equal Employment Opportunity Commission (EEOC) on March 20, 2020, and was issued a notice of right to sue letter on November 18, 2022. DI 2 at 4. She did not fill out the section of the form complaint that asks when she filed a charge with the Pennsylvania Human Relations Commission (PHRC)

---

[1] We draw these factual allegations from Ms. Rogers's complaint and the exhibit attached to her complaint. *See* DI 2; DI 2-1. As a general matter, we may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" when deciding a motion to dismiss. *Pension Benefit Guar. Corp., v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Therefore, we may consider the EEOC form attached as an exhibit to Ms. Rogers's complaint. DI 2-1.

[2] We use the pagination of the CM/ECF docketing system for Ms. Rogers's complaint (DI 2) and the exhibit attached to her complaint (DI 2-1).

or the PhilaCHR. *Id.* She did, however, state that she can "produce findings from Pennsylvania Human Relations Commission for minor child T.L.H. to further substantiate my claim." *Id.* at 3.

Ms. Rogers also attaches to her complaint a document titled "Charge of Discrimination" that purports to be "EEOC Form 5." DI 2-1 at 1. In the section of the form that asks for a "state or local agency," Ms. Rogers lists both the Philadelphia Commission on Human Relations and the EEOC. *Id.* at 2. This form is dated March 20, 2020. *Id.* at 1.

## II. The School District's Partial Motion to Dismiss

Ms. Rogers asserts claims against the school district under the ADA and the PHRA. DI 2 at 1. She alleges unlawful termination based on her "association with a disabled person" who is her "minor child." *Id.* at 3. She also asserts the school district failed to promote her, failed to stop harassment against her, and retaliated against her. *Id.* at 2-3. Additionally, Ms. Rogers alleges that her "good name" has been "slandered" and that she has been "barred from future employment" with "no due process given." *Id.* at 3. And Ms. Rogers alleges the school district is "still committing these acts" against her. *Id.*

The school district moves to dismiss Ms. Rogers's PHRA[3] claim, arguing that (1) she has failed to exhaust her administrative remedies, and (2) her claim is untimely. *See* DI 10. First, before Ms. Rogers can bring a PHRA claim, the school district argues she should have filed a charge of discrimination with the PHRC. *Id.* at 4-5. Because Ms. Rogers does not allege that her EEOC charge was dual-filed with the PHRC, nor does she state that she independently filed a charge with the PHRC, the school district argues she failed to exhaust her administrative remedies under the PHRA. *Id.* Second, even if Ms. Rogers had filed a PHRC charge, the school

[3] The school district does not challenge Ms. Rogers's ADA claim and therefore this claim will proceed to discovery.

district contends it is untimely. *Id.* A charge must be filed within 180 days of the alleged act of discrimination. *Id.* at 5-6. Because Ms. Rogers received the letter purporting to accept her resignation on August 30, 2019, but did not file a charge with the EEOC until March 20, 2020, the school district argues Ms. Rogers filed her charge outside of the 180-day window. *Id.*

Ms. Rogers counters that her charge was actually filed on February 25, 2020, not on March 20, 2020. DI 11.[4] In support of this statement, she attaches a different document titled "Charge of Discrimination" that purports to be "EEOC Form 5A." DI 11-7. This document notes that she "received a letter stating [she] took an eight month leave without notifying employer of absence" but that "[t]his is not true." *Id.* The document is dated February 25, 2020. *Id.*

We have jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a). For the reasons set forth below, we grant the school district's motion to dismiss with leave to amend.

## III. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). At the motion to dismiss stage, a court must "accept all factual allegations in the complaint

[4] Though not explicitly labeled as such, we construe DI 11 to be Ms. Rogers's opposition to the school district's motion to dismiss because it was filed in response to the school district's motion to dismiss (DI 10).

as true and view them in the light most favorable to the plaintiff." *Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022) (quoting *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008)).

Evaluating a motion to dismiss for failure to state a claim for relief involves a "three-step process." *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327 (3d Cir. 2022) (citing *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016)). "The first step in that process requires an articulation of the elements of the claim." *Id.* The second step involves "disregarding any 'formulaic recitation of the elements of a . . . claim or other legal conclusion,'" *id.* (quoting *Connelly*, 809 F.3d at 789), and allegations that are "so threadbare or speculative that they fail to cross the line between conclusory and the factual," *id.* at 328 (quoting *Connelly*, 809 F.3d at 790). The third step involves taking the remaining allegations and "assuming their veracity, construing them in the light most favorable to the plaintiff, and drawing all reasonable inferences in their plaintiff's favor." *Id.* (citing *Connelly*, 809 F.3d at 787, 790).

We apply the Third Circuit's three-step test and construe Ms. Rogers's pro se allegations liberally. *See Walker v. Phelan Hallinan Diamond & Jones*, 269 F. Supp. 3d 618, 621 (E.D. Pa. 2017).

## IV. Analysis

### A. Ms. Rogers alleges she filed a charge with the PhilaCHR, which can exhaust her administrative remedies under the PHRA.

In order to bring a lawsuit under the PHRA, an individual must first file an administrative complaint with the PHRC. *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 164 (3d Cir. 2013). However, filing a complaint with the PhilaCHR is "tantamount" to filing with the PHRC and can therefore exhaust a plaintiff's administrative remedies under the PHRA. *Kendra v. Nazareth Hosp*, 857 F. Supp. 430 (E.D. Pa. 1994) (predicting the Pennsylvania Supreme Court

would hold filing with the PhilaCHR sufficiently complies with the PHRA and therefore a plaintiff who filed with the PhilaCHR had exhausted her administrative remedies under the PHRA).[5] *See also Woodson v. Scott Paper Co*., 109 F.3d 913, 927 n.15 (3d Cir. 1997) (stating that the *Woodson* decision is not contrary to *Kendra*); *Hundell v. Thomas Jefferson Univ. Hosps., Inc*., 537 F. Supp. 3d 852, 858 (E.D. Pa. Sept. 25, 2020) (noting this court has "long held" that a plaintiff may exhaust administrative remedies by filing with the PhilaCHR or EEOC[6] instead of the PHRC); *Digenova v. Unite Here Local 274*, 2016 WL 4473237, at *2 (E.D. Pa. Aug. 24, 2016) (stating that filing with the PhilaCHR or the PHRC is a "distinction without a difference" because filing under the PhilaCHR is "tantamount" to filing under the PHRC); *Smith-Cook v. Nat'l R.R. Passenger Corp. (AMTRAK)*, 2005 WL 3021101, at *3 n.7 (E.D. Pa. Nov. 10, 2005) (same); *Marriott Corp. v. Alexander*, 799 A.2d 205, 208 (Pa. Commw. Ct. 2002) ("filing a complaint with the Philadelphia Commission satisfies the Pennsylvania's Act's requirement that a plaintiff exhaust administrative remedies.").[7]

In "EEOC Form 5" attached to Ms. Rogers's complaint, she lists both the Philadelphia Commission on Human Relations and the EEOC in the state and local agency section. DI 2-1 at

---

[5] This is because, as *Kendra* explained, the PhilaCHR has a statutory obligation to notify the PHRC of complaints and the PHRC has a statutory obligation to investigate those complaints. 857 F. Supp. at 432-33; 43 Pa. Stat. and Cons. Stat. § 962.1(e); 43 Pa. Stat. and Cons. Stat. § 959(b)(1).

[6] Under certain circumstances, filing with the EEOC can exhaust administrative remedies under the PHRA. *See Wertz v. GEA Heat Exchangers Inc*., 2015 3581227, at *4 (June 5, 2015). However, plaintiffs must actually indicate the charge should be dual filed with the PHRC in order to exhaust their administrative remedies. *Mandel*, 706 F.3d at 164-65; *Woodson*, 109 F.3d at 925-27.

[7] The school district failed to mention the long-established rule that filing with the PhilaCHR exhausts administrative remedies under the PHRA. We remind counsel of their duty of forthrightness to the court, which is all the more important with a pro se plaintiff.

2. Therefore, she has adequately alleged that she filed a charge with the PhilaCHR,[8] which can exhaust her administrative remedies under the PHRA.[9]

**B. Ms. Rogers does not adequately allege she timely filed her administrative charge.**

The PHRA also requires that an administrative charge is filed within 180 days of the alleged act of discrimination. *Mandel*, 706 F.3d at 164; 43 Pa. Stat. and Cons. Stat. § 959(h). In her complaint, Ms. Rogers alleges she filed an EEOC charge on March 20, 2020. DI 2 at 4. However, in response to the motion to dismiss, Ms. Rogers states her charge was actually filed on February 25, 2020.[10] DI 11.

The distinction between these two dates is important. Ms. Rogers alleges that she received a letter from the school district stating her resignation had been accepted on August 30, 2019. DI 2-1 at 2. Assuming this letter represents Ms. Rogers's effective termination, a charge filed on February 25, 2020 is within 180 days of this "alleged act of discrimination," but a charge filed on March 20, 2020 is untimely.

Generally, courts may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" in deciding a motion to dismiss. *Pension*

[8] This appears undisputed; in its partial motion to dismiss, the school district notes twice that Ms. Rogers's charge was dual filed with the PhilaCHR. DI 10 at 2-3, 5.

[9] Ms. Rogers also states in her complaint that she can "produce findings from Pennsylvania Human Relations Commission for minor child T.L.H. to further substantiate my claim." DI 2 at 3. If Ms. Rogers filed a charge with the PHRC related to the claims at issue in this case, she may include that information in her amended complaint. However, as currently alleged, it is unclear whether the PHRC charge she references relates to the claims in this case or some other situation.

[10] We note that Ms. Rogers's response to the school district's partial motion to dismiss does not specify that this February 25, 2020 "charge" was dual-filed with the PhilaCHR. DI 11. We remind Ms. Rogers that if she amends her complaint to state that her "charge" was actually filed on February 25, 2020, she must specify whether this charge was filed with either the PhilaCHR or the PHRC.

*Benefit Guar. Corp., v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). We may also consider a "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). However, it is "axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Olson v. Ako*, 724 F. App'x 160, 166 (3d Cir. 2018) (quoting Pennsylvania *ex. rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). *See also Takata v. Riot Blockchain, Inc.*, 2020 WL 2079375, *16 (D.N.J. Apr. 30, 2020) (finding it inappropriate to consider facts that are referenced for the first time in plaintiff's opposition papers to a motion to dismiss); *Carpenter v. Wawa*, 2009 WL 4756258, at *2 (E.D. Pa. Dec. 3, 2009) (same).

Therefore, we may only consider the March 20, 2020 date, which is included in both Ms. Rogers's complaint and the exhibit attached to her complaint, when ruling on the instant motion to dismiss. Ms. Rogers's reference to the February 25, 2020 date appears for the first time in her opposition papers, which may not be used to amend her complaint. *Olson*, 724 F. App'x at 166. Further, we do not consider the exhibit attached to her opposition papers, DI 11-7, to be a "document integral to or explicitly relied on in the complaint" because it arguably contradicts Ms. Rogers's complaint and the document attached to her complaint. Because March 20, 2020 is more than 180 days after Ms. Rogers's alleged termination, we agree with the school district that her claim is untimely as pled.[11]

[11] We note that Ms. Rogers's complaint also states that she experienced retaliation, that her good name has been "slandered," and that she has been "barred from future employment," among other allegations. DI 2 at 2-3. These allegations suggest that she may have experienced acts of discrimination that took place after August 30, 2019. If the facts allow, Ms. Rogers may amend her complaint to show that she experienced discrimination after August 30, 2019, which may change the date by which Ms. Rogers would have needed to file a charge with either the PhilaCHR or PHRC ***with respect to those acts of discrimination***.

However, the Court should "freely" grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, we grant Ms. Rogers leave to amend. If she wishes, Ms. Rogers may amend her complaint to show that **she filed a charge of discrimination with the PhilaCHR or the PHRC on February 25, 2020**, or in an alternative way that is consistent with this opinion and the facts.

## V. Conclusion

For the above reasons, we **GRANT** the School District of Philadelphia's partial motion to dismiss Ms. Rogers's PHRA claim (DI 10). However, we also grant Ms. Rogers leave to amend her complaint consistent with this opinion, if the facts allow her to do so.[12]

[12] Ms. Rogers submitted an additional document requesting relief from the school district, including lost wages, punitive damages, and "all libelous, slanderous, and mendacious claims" cleared from her personnel file. DI 12. If Ms. Rogers chooses to amend her complaint, she may request any appropriate relief, including that referenced in DI 12.